IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IRWIN DELAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:21-cv-1037 |
| | ) | |
| DOLLAR ENERGY FUND, | ) | |
| Defendant. | ) | |

## **TAXATION OF COSTS**

Following summary judgment proceedings, the Court entered judgment as a matter of law in favor of Defendant, Dollar Energy Fund, and against Plaintiff, Irwin Delay, on May 1, 2023. (ECF #76, #77, #79). After Plaintiff filed a Notice of Appeal, Defendant filed a Bill of Costs on June 15, 2023. (ECF #80, #81, #83 (First Bill of Costs)). The Clerk of Court notified the parties on that date that no action would be taken on the Bill of Costs until after the appellate court issued its mandate and directed the parties to consult the Guidelines Governing the Taxation of Costs by the Clerk of Court for post-mandate deadlines, directives, and requirements. (ECF #84).

After the Court of Appeals affirmed this Court's judgment (ECF #85), but before it issued its mandate, Defendant refiled its previously filed Bill of Costs, this time without any invoices attached (ECF #86 (Second Bill of Costs)). The Court of Appeals issued a certified judgment in lieu of formal mandate on December 13, 2023. (ECF #87). Plaintiff's deadline to file objections to the Second Bill of Costs has passed and the Bill is ripe for determination by the Clerk of Court. Guidelines, §II.C.3.b(iv).

In both Bills of Costs, Defendant requests that costs be taxed in the total amount of **$1,706.70**. (ECF #83, #86). Costs will be taxed in favor of Defendant and against Plaintiff in the amount of **$938.38**, for the reasons that follow.

The Clerk of Court makes the following findings:

1. Defendant Dollar Energy Fund is the prevailing party and is entitled to costs.

2. Defendant requests that fees for the deposition **Transcripts** of Irwin Delay and Elise DeMarco be taxed in the total amount of **$831.70**. **Transcript** fees will be taxed in the reduced amount of **$811.70**, for the reasons that follow.

   a. The Clerk finds that both **Transcripts** were necessarily obtained for use in this case:

      i. Irwin Delay is a named party and, therefore, his deposition transcript was necessarily obtained for use in this case. <u>Guidelines</u>, §III.D.3.

      ii. Defendant did not provide the necessary supporting documentation for the deposition of Elise DeMarco, <u>Guidelines</u>, §III.D.6. However, the Court's summary judgment memorandum opinion identifies Ms. DeMarco as Defendant's Human Resources Manager and indicates that Plaintiff relied upon her deposition testimony in his summary judgment briefing, ECF #76 at 2, 19. As such, the Clerk concludes that the deposition transcript of Elise DeMarco was necessarily obtained for use in this case.

  b. Having found that the deposition transcripts for both witnesses were necessarily obtained, the Clerk will next consider the amounts taxable for each transcript.

      i. Plaintiff does not object to the taxation of either witness' deposition transcript. Plaintiff's failure to object is deemed consent, but it is not dispositive. The Clerk must conduct an independent review of the Bill of Costs and deny any requested costs that are not allowable under federal statute, rule, or caselaw. <u>Guidelines</u>, §II.A. at p. 2.

      ii. The Clerk taxes **$504.20** for the deposition **Transcript** of Irwin Delay. The invoice for this **Transcript**, which is attached only to the First Bill of Costs, includes a $20.00 fee for "Email Etran/ASCII/PDF." (ECF #83 at 6). Such items are provided for the convenience of counsel and their costs are disallowed. <u>Warner Chilcott Laboratories Ireland Ltd. v. Impax Laboratories, Inc.</u>, No. 08-cv-6304, 2013 WL 1876441, at *6 (D.N.J. April 18, 2013); <u>see also</u>, <u>Collins v. Kindred Hosps. East, LLC</u>, No. 2:14-cv-17, 2017 WL 607740, at *2 (W.D. Pa. Feb. 15, 2017); <u>Guidelines</u>, §III.D at p. 13. *$20.00 disallowed*

      iii. The Clerk taxes **$307.50** for the deposition **Transcript** of Elise DeMarco, which is the full amount requested for that transcript. (ECF #83 at 5).

3. Defendant requests that **$875.00** be taxed in the **Other Costs** category for a payment made to Sally Cimini for an early neutral evaluation session held in January of 2022. (ECF #83 at 1, 3-4; #86-1). For the reasons that follow, the Clerk will disallow this fee in its entirety. *$875.00 disallowed.*

    a. Neither Federal Rule of Civil Procedure 54 nor 28 U.S.C. §1920 specifically authorize alternative dispute resolution ("ADR") fees to be taxed as costs.

    b. The Court of Appeals for the Third Circuit has not addressed whether ADR fees are taxable costs. District courts in this judicial circuit have concluded that such fees are not taxable. See e.g., Pirl v. Ringling, 3:19-cv-208, 2023 WL 2435443, at *19 (W.D. Pa. Mar. 9, 2023); Romero v. CSX Transp., Inc., 270 F.R.D. 199, 205 (D.N.J. 2010).

    c. The Guidelines list costs associated with ADR services as an example of a non-taxable cost. Guidelines, §III.L.8.

4. Costs taxed by the appellate court are included in the Clerk of Court's taxation of costs. Guidelines,§II.C.3(d), §III.K. In this matter, the Court of Appeals taxed **$126.68** in favor of Defendant, ECF #87 at 2. **Appellate Costs** will be taxed in the amount of **$126.68**.

THEREFORE, for the foregoing reasons, costs are taxed against Plaintiff and in favor of Defendant in the amount of **$938.38** on this 23rd day of January, 2024.

You are advised that any determination of costs by the Clerk may be reviewed by the Court upon motion served within seven (7) days pursuant to Federal Rule of Civil Procedure 54(d).

                                                  BRANDY S. LONCHENA
                                                  CLERK OF COURT

                                                  By:   */s/ Theresa E. Nixon*
                                                           Theresa E. Nixon
                                                           Attorney Advisor

cc: Counsel of Record (via CM/ECF electronic notification)